553-21/EJM
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Defendant*
*Star Sapphire Ltd.*
103 Eisenhower Parkway, Suite 400
Roseland, NJ 07068
Eric J. Matheson (matheson@freehill.com)
Tel.: (973) 623-5514 / Fax: (973) 623-3813

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
----------------------------------------------------------------X
IMTT-BAYONNE-LLC,

                         Plaintiff,

  v.

STAR SAPPHIRE LTD., *in personam* and the
M/V TENACITY VENTURE, NO. 9773052,
her engines, tackle, equipment, furniture,
appurtenances, etc., *in rem,*

                         Defendant.
----------------------------------------------------------------X

**23 Civ. 21316**

**ANSWER TO AMENDED COMPLAINT**

       Defendant Star Sapphire Ltd. (hereinafter "Star") *in personam*, and M/V TENACITY VENTURE *in rem,* hereinafter and collectively "Defendants," by their attorneys, Freehill Hogan & Mahar, LLP, as and for their Answer to the Complaint, allege upon information and belief as follows:

**PARTIES**

       1.    Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 1 of the Amended Complaint.

       2.    Admit that Defendant Star is the registered owner of TENACITY VENTURE, but except as so specifically admitted, deny the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3. Admit that the M/V TENACITY VENTURE, is a tank vessel assigned IMO number 9773052, but except as so specifically admitted, deny the remaining allegations contained in Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4. Admit that this is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States Courts and of this Honorable Court, under Article III § 2 of the U.S. Constitution, but except as so admitted deny the remaining allegations contained in Paragraph 4 of the Amended Complaint.

5. Admit that venue in this court is proper, but except as so admitted deny the remaining allegations contained in Paragraph 5 of the Amended Complaint.

## FACTUAL ALLEGATIONS

6. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 6 of the Amended Complaint.

7. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 7 of the Amended Complaint.

8. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 10 of the Amended Complaint.

11. Deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 14 of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 16 of the Amended Complaint.

17. Deny the allegations contained in Paragraph 17 of the Amended Complaint

18. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 18 of the Amended Complaint.

19. To the extent that Paragraph 19 states a conclusion of law no response is required, otherwise Deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Deny the allegations contained in Paragraph 21 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

22. The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

23. If any damage or loss was sustained as set forth in the Amended Complaint, which is denied, any such damage was not caused by or contributed to by Defendants and/or their agents.

### THIRD AFFIRMATIVE DEFENSE

24. Under the terms and conditions of any agreements which govern the rights and liabilities of the parties herein, Defendants are not liable.

### FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff IMTT-Bayonne is not the real party in interest.

### FIFTH AFFIRMATIVE DEFENSE

26. Any liability of Defendants, which is denied, is limited pursuant to the terms of any applicable contract(s) between the parties.

### SIXTH AFFIRMATIVE DEFENSE

27. Plaintiff IMTT-Bayonne's claims are time barred pursuant to the applicable contract terms or laches.

### SEVENTH AFFIRMATIVE DEFENSE

28. Any loss or damage as alleged in the amended complaint arose without Defendants actual fault or privity and without fault or negligence of its agents or servants or anyone for whom Defendants are responsible.

### EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff IMTT-Bayonne failed to mitigate its damages, if any.

### NINTH AFFIRMATIVE DEFENSE

30. Defendants reserve their rights to amend this answer if and once additional information is obtained through discovery.

607504.1

## TENTH AFFIRMATIVE DEFENSE

31. Plaintiff IMTT-Bayonne may not recover from Defendants as Plaintiff IMTT failed to maintain its own berth, facilities, mooring hooks, and equipment, and the failure of Plaintiff IMTT-Bayonne's own equipment caused the damages complained of, not the Defendants.

**WHEREFORE**, Defendants pray:

(a) That Plaintiff IMTT-Bayonne's Amended Complaint be dismissed with costs to Defendant as against Plaintiff;

(b) That if liability is found against Defendants, which is denied, any such liability should be limited pursuant to the terms of the applicable contract; and

(c) That Defendants have such other, further, and different relief as may be deemed just and proper under the circumstances.

Dated:  New York, New York
        March 5, 2024

                                       FREEHILL HOGAN & MAHAR, LLP
                                       *Attorneys for Defendant*
                                       *Star Sapphire Ltd.*

By _____
     Eric J. Matheson (matheson@freehill.com)
     103 Eisenhower Parkway, Suite 400
     Roseland, NJ 07068
     Tel.: (973) 623-5514 / Fax: (973) 623-3813

TO: BLANK ROME LLP
*Attorneys for Plaintiff*
William R. Bennett, III (Attorney No. 032171992)
Holli B. Packer (Attorney No. 320312021)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
William.Bennett@blankrome.com
Holli.Packer@blankrome.com

## DECLARATION PER L.C.R. 11.2

I hereby declare under penalty of perjury that, pursuant to Local Civil Rule 11.2, under the laws of the United States of America that the foregoing is true and correct.

*Attorneys for Defendant*
*Star Sapphire Ltd. in personam*
*M/V TENACITY VENTURE in rem*

By _____

## VERIFICATION

Eric J. Matheson, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Defendant in this action, I have read the foregoing Amended Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Eric J. Matheson

607504.1